233 F.2d 449
 109 U.S.P.Q. 327
 ACADEMY AWARD PRODUCTS, Inc., Plaintiff-Appellant,
v.
BULOVA WATCH COMPANY, Inc., Defendant-Appellee, and
Elizabeth Stark and Esther Greenwald, as Executrices of the
Estate of Max A. Schlesinger, Deceased,
Defendants-Appellants, made parties to respond to the Counterclaim.
 No. 246, Docket 23647.
 United States Court of Appeals Second Circuit.
 Argued Feb. 7, 1956.
Decided May 15, 1956.
 
 Louis Zimmerman, New York City (Ephraim Berliner, Selma M. Lobsenz, Joseph N. Friedman, New York City, of counsel), for appellants.
 Byerly, Townsend & Watson, New York City (Ralph M. Watson, Charles M. Hussey, George Cohen, New York City, of counsel), for appellee.
 Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Academy Award Products, Inc., sued defendant-appellee charging that it had infringed plaintiff-appellant's registered trade-mark 'Academy Award' by advertising its watches in connection with the name 'Academy Award.' Defendant-appellee counterclaimed pursuant to 15 U.S.C.A. § 1120 for damages alleged to have been sustained in consequence of procurement of the trade-mark by a false and fraudulent declaration. The alleged damages consisted exclusively of litigation expenses incurred in connection with the cancellation of plaintiff-appellant's registration and in defense of this suit. Max A. Schlesinger, former president of plaintiff-appellant, and, following his death, the executrices of his estate, were joined as defendants to the counterclaim. After the commencement of this action, the Patent Office canceled plaintiff-appellant's registration as procured by a false application, and plaintiff-appellant's complaint was subsequently dismissed with prejudice pursuant to stipulation. The District Court found that Schlesinger had procured the unauthorized registration of the trade-mark 'Academy Award' and had instituted this action against defendant-appellee with the purpose of harassing persons who were then making or might thereafter make legitimate use of the words 'Academy Award' in business. The District Court held that attorneys' fees incurred by a person in defending an action brought in order to harass that person with a trade-mark procured by means of a false registration constituted "damages sustained in consequence" of the procuring of a registration by a false or fraudulent declaration within the meaning of § 38 of the Lanham Act, 15 U.S.C.A. § 1120. The District Court further held that a defense to the counterclaim based on the equitable doctrine of clean hands did not bar defendant-appellee from recovery, since the District Court found that defendant-appellee's use of the term 'Academy Award' and the word 'Oscar' in advertising its watches was not an intentional misrepresentation to the public that it had won the Academy Award and the Oscar in competition with others.
 
 
 2
 We think that the District Court's findings of fact are not 'clearly erroneous' and that its interpretation of 15 U.S.C.A. 1120 was correct. Consequently, we affirm on the opinion of Judge Dimock, 129 F.Supp. 780, 783.
 
 
 3
 LUMBARD, Circuit Judge.
 
 
 4
 I concur in the result.